IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTHONY LEE FISHER,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　No. 3:19-cv-00769
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　JUDGE RICHARDSON
AMY LONGTIN, *et al.*,　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)

# MEMORANDUM

Plaintiff Anthony Lee Fisher, an inmate of the Dickson County jail in Charlotte, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Captain Amy Longtin, Chief Jerome Holt, Lieutenant f/n/u Quigley, Sheriff Jeff Bledsoe, the Dickson County Sheriff's Office, and Southern Health Partners. (Doc. No. 1). Plaintiff also filed a motion to appoint counsel. (Doc. No. 3).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.　　PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

### III. Alleged Facts

The complaint alleges that while Plaintiff has been incarcerated at the Dickson County jail since June 30, 2019, he repeatedly has asked for treatment of his Hepatitis C. According to the complaint, certain Defendants told Plaintiff that inmates at this facility will not be provided treatment for Hepatitis C. Plaintiff has received no treatment for Hepatitis C while incarcerated at the Dickson County jail. In particular, he has not received any blood work or monitoring "to see the progression of the disease or the damage progression of [his] liver." (Doc. No. 1 at 6).

The complaint further alleges that Defendants also refused to provide Plaintiff with dentures and instead offered to extract the teeth that were causing Plaintiff problems.[1]

### IV. Analysis

The crux of the complaint is that Defendants have failed to provide Plaintiff with appropriate treatment and medication for his known Hepatitis C diagnosis and have refused to provide him with dentures while he has been an inmate at the Dickson County jail.

Failure to provide medical care, including dental care, may give rise to a violation of a prisoner's rights under the Eighth Amendment. The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently

---

[1] The complaint alleges that Plaintiff has exhausted his administrative remedies, although Captain Longtin informed Plaintiff that he would need a subpoena in order to receive copies of the grievances he filed. (Doc. No. 1 at 6, 8-10).

serious." *Id*. (quoting *Farmer*, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id*. Deliberate indifference "entails something more than mere negligence," but can be satisfied by "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 834.

Under these standards, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. In addition, the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *See Estelle*, 429 U.S. at 107.

In sum, generally speaking, "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional

4

violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). However, prison medical personnel may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or lack thereof or by "interfer[ing] with treatment once prescribed." *Estelle*, 429 U.S. at 104-05; *see also Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (quoting *Boretti v. Wiscomb*, 930 F.2d 1150, 1154-55 (6th Cir. 1991) (a prisoner has a cause of action for deliberate indifference if he "suffers pain needlessly when relief is readily available.")).

The Sixth Circuit recognizes that "[d]ental needs fall into the category 'of serious medical needs' because '[d]ental care is one of the most important needs of inmates.'" *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008)). With regard to dental problems, the Sixth Circuit has recognized that "'[a] cognizable claim regarding inadequate dental care, like one involving medical care, can be based on various factors, such as the pain suffered by the plaintiff, the deterioration of the teeth due to a lack of treatment, or the inability to engage in normal activities.'" *Id*. (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)).

A.  **Dickson County Sheriff's Office**

First, the complaint names the Dickson County Sheriff's Office as a Defendant to this action. However, a sheriff's department is not a "person" that can be sued under 42 U.S.C. § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at **2-3 (M.D. Tenn. Aug. 25, 2010) (noting that "since *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit" under Tennessee law, and therefore granting the motion to dismiss the Section 1983 claim

5

against the Davidson County Sheriff's Office). Consequently, Plaintiff's Section 1983 claims against the Dickson County Sheriff's Office must be dismissed for failure to state a claim upon which relief may be granted.

**B.      Sheriff Jeff Bledsoe and Chief Jerome Holt**

Second, the complaint names Dickson County Sheriff Jeff Bledsoe and Chief Jerome Holt as Defendants to this action in their individual and official capacities. With respect to the Sheriff, the complaint alleges that, when Plaintiff asked Sheriff Bledsoe about providing Hepatitis C treatment for inmates, he forwarded Plaintiff's inquiry to Captain Longtin. (Doc. No. 1 at 6). With respect to the Chief, the complaint alleges that Plaintiff asked Chief Holt "if anything could be done" regarding the lack of treatment for inmates with Hepatitis C and that Chief Holt told Plaintiff "to direct [his] question to medical." (*Id.*) The complaint does not allege any personal involvement by either of these Defendants in decisions regarding whether Plaintiff would be provided with dentures or treatment for Hepatitis C.

Plaintiff's claims against Sheriff Bledsoe and Chief Holt are based on their supervisory positions. However, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. 662, 676. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Id*. There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a Section 1983 plaintiff must show that a supervisory official "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates." *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citation omitted).

The complaint does not allege that either Sheriff Bledsoe or Chief Holt was directly responsible for Plaintiff's alleged lack of medical or dental treatment at the Dickson County jail, nor can any such allegations be liberally construed from the complaint. Neither does the complaint allege that Sheriff Bledsoe or Chief Holt "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending" party. *Id*. Because Plaintiff's allegations fail to show that either of these Defendants was personally involved in the acts about which Plaintiff complains, the Court must dismiss the Section 1983 claims against Sheriff Bledsoe and Chief Holt in their individual capacities for failure to state claims upon which relief can be granted.

With respect to Plaintiff's claims against Sheriff Bledsoe and Chief Holt in their official capacities as Sheriff and Chief of Dickson County, Tennessee, it is well-settled that an official capacity suit is nothing more than a suit against the governmental entity. *See, e.g., Leach v. Shelby Cnty.*, 891 F.2d 1241, 1245-46 (6th Cir. 1989) ("[The plaintiff's] suit against the Mayor and the Sheriff of Shelby County in their official capacities is, therefore, essentially and for all purposes, a suit against the County itself."); *Petty v. Cnty. of Franklin*, 478 F.3d 341, 349 (6th Cir. 2007) ("To the extent that [the plaintiff's Section 1983] suit is against [the sheriff] in his official capacity, it is nothing more than a suit against Franklin County itself.") (citing *Ky. v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity.")).

While Dickson County is a suable entity, it is responsible under Section 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51 (2011) (internal citations and quotation marks omitted). Under Section

1983, a municipality can be held liable only if the plaintiff demonstrates that the alleged federal violation was a direct result of the county's official policy or custom. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978)); *Regets v. City of Plymouth*, 568 F. App'x 380, 394-95 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

For purposes of the required PLRA screening, the Court finds that Plaintiff's Hepatitis C constitutes a sufficiently serious medical need. *See Rouster*, 749 F.3d at 446; *Vandiver v. Vasbinder*, 416 F. App'x 560, 562–63 (6th Cir. 2011) (referring to Hepatitis C as "a chronic and potentially fatal disease") (citing *Ibrahim v. District of Columbia*, 463 F.3d 3, 6-7 (D.C. Cir. 2006). Here, construing the allegations of the pro se complaint liberally, the complaint alleges that Sheriff Bledsoe and/or Chief Holt, acting in his official capacity, established or implemented a policy or custom which caused Plaintiff to be deprived of a constitutional right—specifically, a policy or custom that the Dickson County jail will not provide *any* medical care for Hepatitis C for inmates. The Court finds that this allegation states a colorable claim under Section 1983 against these Defendants in their official capacities, which is a claim against Dickson County, Tennessee. This is a preliminary finding only for purposes of the required PLRA screening; however, the claim shall proceed for further development of the record.

However, the complaint does not allege that there is a policy or custom providing that Dickson County jail inmates will not be given dentures. Instead, the complaint alleges that Plaintiff has been afforded the option of having certain teeth extracted to address his dental needs instead of dentures. Plaintiff's allegations concering dentures therefore reflect a dispute over the adequacy of dental treatment or a difference of opinion regarding diagnosis or treatment, neither of which rises to the level of an Eighth Amendment violation. *Westlake,* 537 F.3d at 860 n.5. Consequently, the allegations concerning dental care against Defendants Bledsoe and Holt in their official capacities, construed as claims against Dickson County, Tennessee, will be dismissed for failure to state Section 1983 claims upon which relief can be granted.

**C.      Captain Amy Longtin and Lieutenant Quigley**

Next, the complaint alleges that Captain Amy Longtin and Lieutenant Quigley denied medical care to Plaintiff for his Hepatitis C. Both Defendants are named in their individual and official capacities. According to the complaint, Captain Longtin told Plaintiff that he "should have thought of Hep-C treatment before violating his parole" (Doc. No. 1 at 5) and subsequently told Plaintiff that she was "looking into and researching all of the questions and such about Hep-C treatment, etc." (*Id*. at 6). The complaint alleges that Lieutenant Quigley told Plaintiff he "could get treatment when [he] got out." (*Id*.)

Although in some instances prison non-medical staff have no role in the medical treatment provided to inmates, here, the complaint alleges that Captain Longtin and Lieutenant Quigley possess some authority over whether Plaintiff and other inmates receive medical treatment for Hepatitis C and, in failing to provide treatment, these Defendants knew of and disregarded an excessive risk to Plaintiff's health. *Cf. Carson v. Hamblen Cnty.*, No. 2:15-cv-337, 2017 WL

3038135, at *5, 9 (E.D. Tenn. July 17, 2017) (dismissing inmate's Section 1983 claim, finding plaintiff had presented no evidence that defendants played any role in the medical care provided to diabetic inmate or knew of and disregard an excessive risk to inmate's health or safety). Further, the complaint alleges that Plaintiff's health and well-being are being affected as a result of the delayed testing, monitoring, and needed treatment such that Captain Longtin and Lieutenant Quigley "consciously expos[ed]" Plaintiff to a risk of serious harm. *LaMarbe v. Wisneski*, 266 F.3d 429, 439 (6th Cir. 2001). Therefore, for purposes of the required PLRA screening, the Court finds that the complaint states actionable deliberate indifference to Plaintiff's serious medical needs claims under Section 1983 against Defendant Captain Longtin and Lieutentant Quigley in their individual capacities. And, because the claims against these Defendants in their official capacities are actually claims against Dickson County, Tennessee, those claims will proceed for the same reasons explained above.

**D.  Southern Health Care**

Finally, the complaint alleges that Southern Health Care, the entity responsible for providing medical care to inmates of the Dickson County jail, failed to provide any medical treatment to Plaintiff for his Hepatitis C. In order for Southern Health to be liable under Section 1983, a plaintiff must allege that there is a direct causal link between a policy or custom of Southern Health and the alleged constitutional violation. *See Monell,* 436 U.S. 658, 691. In other words, Southern Health may be liable under Section 1983 "if its official policies or customs resulted in injury to the plaintiff." *O'Brien v. Mich. Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014); *see also Mason v. Doe*, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21,

2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right").

To hold Southern Health liable, the plaintiff cannot rely on the theory of respondeat superior or vicarious liability. *Street*, 102 F.3d at 818. Liability attaches only if Southern Health's policies are shown to be the "moving force" behind Plaintiff's injuries. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 353-64 (6th Cir. 1993).

Construed liberally, the complaint alleges that Southern Health acted pursuant to a policy or custom of denying medical treatment for Hepatitis C to inmates at the Dickson County jail and that this policy or custom has violated and continues to violate Plaintiff's constitutional rights. The Court finds that this allegation states a colorable claim under Section 1983 against Southern Health. As with Plaintiff's claims against Dickson County, Tennessee, this is a preliminary finding only for purposes of the required PLRA screening. Ultimately, Plaintiff has the burden of proving the existence of such a custom or policy and its application to Plaintiff.

## V.     Motion to Appoint Counsel

Plaintiff filed a motion seeking the appointment of counsel. (Doc. No. 3). He states that he does not know the law "that well", "the jail house lawyer handbook is based mostly on New York law", and he has "trouble searching for cases [because] the program freezes up when trying to do searches." (*Id*. at 1).

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social*

*Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

Plaintiff's circumstances as described are typical to most prisoners. *See Murray v. Giarratano*, 492 U.S. 1, 7 (1989) (pro se litigant); *Richmond v. Settles*, 450 F. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); *Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, pro se litigants). Plaintiff demonstrates that he is able to prosecute his case at this time. Therefore, his motion for the appointment of counsel (Doc. No. 3) will be denied without prejudice to refile should his circumstances change.

**VI. Conclusion**

In conclusion, the Court has conducted the initial screening required by the PLRA and finds that the complaint states the following actionable Section 1983 claims: Eighth Amendment deliberate indifference to Plaintiff's serious medical needs claims against Captain Amy Longtin and Lieutenant f/n/u Quigley in their individual capacities based on their actions or personal involvement in decisions affecting Plaintiff's treatment for Hepatitis C; Eighth Amendment deliberate indifference to Plaintiff's serious medical needs claims against Sheriff Jeff Bledsoe, Chief Jerome Holt, Captain Longtin, and Lieutenant Quigley in their official capacities based on the Dickson County policy or custom of refusing to provide any medical care for Hepatitis C to

inmates, which are actually claims against Dickson County, Tennessee; and Eighth Amendment deliberate indifference to Plaintiff's serious medical needs claims against Southern Health Care based on its policy or custom of denying medical treatment for Hepatitis C to inmates at the Dickson County jail. 28 U.S.C. § 1915A These claims shall proceed for further development of the record.

However, the complaint fails to state Section 1983 claims upon which relief can be granted as to all other claims against all other Defendants. Therefore, those claims and defendants will be dismissed.

Plaintiff's motion to appoint counsel (Doc. No. 3) will be denied.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE