UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY LEE FISHER,<br><br>    Plaintiff,<br><br>v.<br><br>AMY LONGTIN, et al.,<br><br>    Defendants. | Case No. 3:19-cv-00769<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Eli J. Richardson, District Judge

### REPORT AND RECOMMENDATION

This civil rights action concerns pro se Plaintiff Anthony Lee Fisher's incarceration at the Dickson County Jail in Charlotte, Tennessee. (Doc. Nos. 1, 8.) On November 4, 2019, the Court granted Fisher's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, finding that he had stated colorable Eighth Amendment claims under 42 U.S.C. § 1983 against five defendants. (Doc. Nos. 7, 8.) The Court instructed Fisher to complete service packets for the defendants so that process could issue. (Doc. No. 8.)

On February 5, 2020, the Court found that Fisher had failed to return the service packets and had not kept the Court apprised of a current address. (Doc. No. 12.) The Court ordered Fisher to show cause by February 26, 2020, why his claims should not be dismissed for failure to timely serve the defendants under Federal Rule of Civil Procedure 4(m) or for failure to prosecute under Rule 41(b). (*Id.*) Fisher did not respond to that order. Accordingly, the Magistrate Judge will recommend that this action be dismissed without prejudice under Rule 41(b) and Local Rules

41.01(a) and (b) for Fisher's failure to prosecute and to keep the Court informed of his current address.

I.      **Factual and Procedural Background**

At the time he initiated this action, Fisher was incarcerated at the Dickson County Jail. (Doc. Nos. 1, 8.) On November 4, 2019, the Court screened Fisher's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A and found that it stated colorable

> Eighth Amendment deliberate indifference to [Fisher's] serious medical needs claims against Captain Amy Longtin and Lieutenant f/n/u Quigley in their individual capacities based on their actions or personal involvement in decisions affecting [Fisher's] treatment for Hepatitis C; Eighth Amendment deliberate indifference to [Fisher's] serious medical needs claims against Sheriff Jeff Bledsoe, Chief Jer[om]e Holt, Captain Longtin, and Lieutenant Quigley in their official capacities based on the Dickson County policy or custom of refusing to provide any medical care for Hepatitis C to inmates, which are claims against Dickson County, Tennessee; and Eighth Amendment deliberate indifference to [Fisher's] serious medical needs claims against Southern Health Care based on its policy or custom of denying medical attention for Hepatitis C to inmates at the Dickson County facility.

(Doc. No. 8, PageID# 44.) The Court instructed the Clerk of Court to send Fisher service packets for those defendants and ordered Fisher to complete and return them within twenty-one days of receiving the Court's order. (Doc. No. 8.) The Court warned Fisher that failure to return the service packets or failure to keep the Court informed of his current address could jeopardize his prosecution of this action. (*Id.*) The order and accompany memorandum opinion were mailed to 146 County Jail Road, Charlotte, TN 37036, which is the address that Fisher provided for the Dickson County Jail in his complaint. (Doc. No. 1.) On December 6, 2019, the mail was returned as undeliverable. (Doc. No. 9.)

On January 3, 2020, the Court found that Fisher had not returned service packets for any of the defendants and that the screening order and memorandum might have been returned as undeliverable because there is no County Jail Road in Charlotte, Tennessee; rather, the relevant

street is County Jail Drive. (Doc. No. 10.) The Court directed the Clerk of Court to mail blank service packets to Fisher at 146 County Jail Dr., Charlotte, TN 37036 and ordered Fisher to complete those packets within twenty-one days of receiving the order. (*Id.*) The Court warned Fisher that failure to do so could result in a recommendation that his case be dismissed for failure to prosecute. (*Id.*) The order was returned as undeliverable on January 27, 2020, with the notation that Fisher had been released. (Doc. No. 11.)

On February 5, 2020, the Court found that it had been over five months since Fisher initiated this action and he still had not completed service packets for the defendants. (Doc. No. 12.) The Court also reminded Fisher that it is his responsibility to keep the Court informed of his current address. (*Id.*) The Court ordered Fisher to show cause by February 26, 2020, why his claims should not be dismissed for failure to timely serve the defendants under Rule 4(m) or for failure to prosecute under Rule 41(b). (*Id.*) The order warned Fisher that failure to respond would likely lead to a recommendation that his case be dismissed. (*Id.*) The order was returned as undeliverable on February 20, 2020 (Doc. No. 13), and Fisher has not responded to it.

**II.      Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid

unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

This Court's Local Rules provide that a pro se party "must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information," and explain
4
4

Case 3:19-cv-00769   Document 14   Filed 04/06/20   Page 4 of 8 PageID #: 58

that a pro se party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b) (dismissal for failure of *pro se* plaintiff to keep court apprised of current address). The Local Rules further provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay). Where, as here, noncompliance with local rules is a ground for dismissal, "the behavior of the noncomplying party [must] rise[] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

**III.     Analysis**

Fisher has failed to keep the Court apprised of his current address and ignored several of the Court's orders, unduly delaying this action. Considered under the relaxed standard for dismissals without prejudice, the four Rule 41(b) factors weigh in favor of dismissal.

### A.     Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Here, Fisher twice ignored orders requiring him to complete and return service packets for the defendants and then failed to respond to the Court's show-cause order. Although these orders were mailed to Fisher and returned as undeliverable, it is Fisher's responsibility to keep the Court apprised of a current mailing address, as the Court notified Fisher in screening his complaint. Thus, regardless of whether Fisher's actions were motivated by bad faith, they reveal a disregard for the cost of his conduct on the proceeding he initiated. This factor therefore supports

dismissal. *See Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018) (finding that "[a] party's failure to respond in the face of a warning by the court that such failure could result in dismissal of a complaint tips the scale in favor of dismissal on the first factor"); *see also Bryant v. Warden, Franklin Cty. Corr. Ctr.*, No. 2:17-CV-00335, 2017 WL 6520874, at *2 (S.D. Ohio Dec. 4, 2017) (finding that pro se plaintiff's "failure to update his address constitute[d] willfulness, bad faith, or fault, because it demonstrate[d] reckless disregard for how his actions, or inactions, impact his case"), *report and recommendation adopted by* 2017 WL 6508595 (S.D. Ohio Dec. 20, 2017); *Keaton v. Bennett*, 322 F.R.D. 303, 305 (N.D. Ohio 2017) (finding that pro se plaintiff's failure to provide the court with updated contact information was "indicative of his disregard for the court's ability to manage th[e] litigation in an orderly fashion" and amounted to fault).

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of

dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit has explained that "[i]f such efforts . . . [were] alone sufficient to establish prejudice" for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, the defendants have not been served or appeared in this action, and therefore they have not wasted any time, money, or effort in pursuit of cooperation that Fisher was legally obligated to provide. This factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id.* at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court warned Fisher at the outset that failure to timely complete service packets or keep the Court informed of a current address could jeopardize his prosecution of this action. (Doc. No. 8); *see also* M.D. Tenn. R. 41.01(b) (dismissal for failure of pro se plaintiff to keep court apprised of current address). Further, the Court's show-cause order explicitly warned Fisher that failure to respond to it would likely lead to a recommendation that his claims be dismissed for failure to prosecute. (Doc. No. 12.) This factor therefore supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where Court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See*

*Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

**IV.     Recommendation**

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) and Local Rules 41.01(a) and (b).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 6th day of April, 2020.

ALISTAIR E. NEWBERN
United States Magistrate Judge